IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HELENE CLARK, | * |
| Plaintiff | * |
| v. | *    CIVIL NO. JKB-10-3107 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, *et al.*, | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Helene Clark ("Plaintiff") brought this suit against Unum Life Insurance Company of America and The Pearson, Inc., Employee Long-Term Disability Plan ("Defendants") seeking a declaration of entitlement to disability benefits, payment of back-benefits, and costs, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), as well as penalties pursuant to 29 C.F.R. § 2560.502-1(g) *et seq*. Plaintiff has now moved to compel discovery. The issues have been briefed and no oral argument is required. Local Rule 106.5. For the reasons set forth below, Plaintiff's Motion To Compel Discovery (ECF No. 26) is DENIED IN PART and HELD IN ABEYANCE IN PART, and the parties are directed to file supplemental memoranda.

    I.      BACKGROUND

Plaintiff is a former employee of Pearson Education, Inc., who was allegedly disabled as a result of a car accident in March of 2008. Defendant Unum Life Insurance Company is the

1

claims administrator and insurer of Pearson's group benefits plan, in which Plaintiff is a participant. Following her accident, Plaintiff submitted a claim for disability benefits. Defendant paid Plaintiff short-term benefits, but denied long-term benefits. Plaintiff filed this suit seeking a declaratory judgment that she is entitled to benefits under the plan. (Compl., ECF No. 1).

After filing the complaint, Plaintiff's counsel served Defendant with a set of interrogatories and requests for production of documents. (ECF Nos. 26-3 & 26-4). Among other things, Plaintiff sought discovery of information regarding Defendant's claims review process, the compensation structure of its employees and consultants, and statistical data regarding findings of disability by Defendant's consulting physicians. Defendant objected to certain of the requests on the grounds of privacy, attorney-client privilege, and the fact that discovery beyond the administrative record has historically been unavailable in ERISA cases. Counsel for the parties allegedly conferred regarding Plaintiff's discovery requests, but were unable to resolve the dispute. Plaintiff then filed this motion to compel discovery.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) (West 2011) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed. 1998). Where a party fails to answer an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy substantial discretion in managing discovery,

including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 932, 929 (4th Cir. 1995).

If a court grants a motion pursuant to Rule 37(a), it generally must require the party whose conduct necessitated the motion to pay the reasonable costs incurred by the moving party, including attorney's fees. Fed. R. Civ. P. 37(a)(5). However, a court may not order such payment if the moving party failed to confer in good faith with opposing counsel before filing the motion, if the opposing party's non-cooperation was substantially justified, or if ordering the payment would be otherwise unjust. *Id*.

## III. ANALYSIS

### A. Availability of Discovery

It has long been settled law in this circuit that a district court reviewing a plan administrator's decision under a deferential standard may consider only the evidence before the administrator at the time of decision (i.e., the administrative record). *See Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995); *see also Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (holding that district court may consider evidence outside the administrative record only in the course of *de novo* review). For this reason, Plaintiffs in such actions have generally not been entitled to discovery beyond the administrative record. *See Briggs v. Marriott Intern., Inc.*, 368 F.Supp.2d 461, 467 n.4 (D. Md. 2005).

However, the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), may have opened the door to additional discovery under certain conditions. In that case, the Court held that a plan administrator that both evaluates and pays claims for benefits operates under a conflict of interest, and that courts must consider any such conflict as a "factor"

in determining whether an administrator abused its discretion. *Id* at 112 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)). The weight to be given to the conflict, the Court wrote, depends on the "likelihood that it affected the benefits decision." *Id* at 117. In that respect, courts may consider such extrinsic facts as an administrator's history of biased claims administration and any active steps it has taken to reduce bias or improve accuracy. *Id*.

Those circuits that have reached the issue have held that *Glenn* necessarily contemplated discovery beyond the administrative record if courts are to properly determine the likelihood that an administrator's conflict of interest influenced its decision in a given case. *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009) (holding that *Glenn* contemplates extra-record discovery on conflict, but warning that such discovery should be allowed sparingly and must be narrowly tailored); *Johnson v. Connecticut General Life Ins. Co.*, 324 F.App'x. 459, 466-67 (6th Cir. 2009) (observing that limited discovery on conflict was available under 6th Circuit precedent, consistent with *Glenn*); *Wilcox v. Wells Fargo and Co. Long Term Disability Plan*, 287 F.App'x. 602, 603 (9th Cir. 2008) (observing that both *Glenn* and 9th Circuit precedent allow discovery of the "nature, extent, and effect" of conflict); *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162-63 (10th Cir. 2010) (holding that *Glenn* contemplates discovery related to the "scope and impact" of conflict and that such discovery should be governed by Fed. R. Civ. P. 26(b)).

The Fourth Circuit has not yet decided the question of what effect, if any, *Glenn* had on the availability of extra-record discovery in ERISA cases. Certain of its post-*Glenn* cases, however, appear to acknowledge the relevance of extra-record evidence in determining the significance of a conflict. *Champion v. Black & Decker (U.S.), Inc.*, 550 F.3d 353, 362 (4th Cir. 2008) ("When we heed *Glenn*'s instruction on considering the conflict factor, we can find no

evidence raising a concern that would increase the weight of the conflict. ... [Plaintiff] provides no contrary evidence tending to show that the Plan's dual role affected the benefits decision.") (internal quotation marks omitted); *Vaughan v. Celanese Americas Corp.*, 339 F.App'x. 320, 328 (4th Cir. 2009) (unpublished) (noting with approval a district court's three-day hearing on the effect of a conflict of interest, after which it made factual and credibility determinations); *Spry v. Eaton Corp. Long Term Disability Plan*, 326 F.App'x. 674, 678-79 (4th Cir. 2009) (unpublished) (observing that "proof of facts warranting imputation of improper motives to a plan administrator still aids claimants challenging adverse benefits decisions," and recognizing *Glenn*'s prescription that a conflict be given more or less weight depending on the likelihood that it influenced the benefits decision); *but, c.f., Dean v. Daimler Chrysler Life, Disability and Health Care Benefits Program*, No. 10-2143, 2011 WL 2836952 (4th Cir. 2011) (unpublished), *aff'g* No. 09-2992, 2010 WL 3895363 (D. Md. 2010).

This Court finds the reasoning of the circuits that have allowed extra-record discovery in the wake of *Glenn* to be both persuasive and consistent with the Fourth Circuit's treatment of *Glenn* to date. *Glenn* unambiguously requires district courts to determine the likelihood that an administrator's conflict of interest affected its benefits decision, and suggests that this determination can be made by reviewing evidence regarding the administrator's past dealings and claim review process.

> The conflict of interest... should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. ... It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

554 U.S. at 117. Unless such information happens to appear in the administrative record, the only way for a court to carry out *Glenn*'s directive may be to allow the Plaintiff to obtain the information through discovery. The Court therefore holds that *Glenn* created an exception to the general rule (still otherwise in force) that extra-record discovery is unavailable to ERISA plaintiffs. Such discovery is available when an administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue.

### B. Scope of Discovery

The question of whether and how extra-record discovery should proceed in this case, however, is less clear. In this respect, *Glenn* reveals a tension between two competing objectives: avoiding "near universal review by judges *de novo - i.e.*, without deference - of the lion's share of ERISA plan claims denials," and avoiding "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *See* 554 U.S. at 116. On the one hand, if courts were to simply give ERISA plaintiffs *carte blanche* to conduct discovery on an administrator's conflict of interest, the emphasis of litigation could quickly shift away from determining the reasonableness of individual claims decisions, and toward exhaustive scrutiny of the general fairness of the administrator's business practices. Such a result would substantially undermine the deference due to the administrator's decision. On the other hand, any attempt to narrow discovery beyond what is allowed under Rule 26(b) would seem to ignore *Glenn*'s admonition against crafting "special rules" for conflict of interest cases.

The Court finds that the best way to accommodate both of these interests is to carefully scrutinize the relevance and necessity of Plaintiff's proposed extra-record discovery at the outset, by determining whether or not the administrative record contains enough information to allow

6

the court to properly weigh Defendant's admitted conflict of interest. If it does, then no discovery will be necessary because information beyond the record would not be relevant. If, however, the court determines that additional information is needed, then discovery will be allowed to proceed on the specific issue of the effect of Defendant's conflict on its benefits decision in this case. This ruling does not purport to establish any special rules of evidence or procedure unique to conflicts of interest, but is merely an exercise of this Court's inherent power to control discovery. *See Buffington v. Baltimore County*, 913 F.2d 113, 132 n.15 (4th Cir. 1990).

In view of this ruling, the parties shall be directed to file supplemental memoranda addressing the following question: *Is the information already contained in the administrative record sufficient to determine the extent, if any, to which Defendant's conflict of interest influenced its decision to deny Plaintiff's claim for long-term disability benefits?* The memoranda are to be concise and focused narrowly on the question just stated. The Court is not concerned at this stage with Plaintiff's particular discovery requests or Defendant's objections thereto. The Court is similarly not concerned with any alleged general unfairness in Defendant's business practices, but solely with determining any impact those practices *could* have had *in this case*.

### C. Attorney's Fees

Lastly, Plaintiff has requested that the Court sanction Defendant pursuant to Rule 37(a)(5) for its alleged non-cooperation in discovery, by ordering it to pay the attorney's fees Plaintiff incurred in filing this motion. Because the rule in this circuit has traditionally been that no extra-record discovery is available in ERISA cases, and because the Fourth Circuit has not yet addressed the effect of *Glenn* on this rule, the Court finds that Defendant's actions were

7

substantially justified.  Plaintiff's request for attorney's fees in connection with this motion will therefore be denied.

## IV. CONCLUSION

Accordingly, an order shall issue DENYING IN PART and HOLDING IN ABEYANCE IN PART Plaintiff's Motion to Compel Discovery (ECF No. 26) and directing the parties to submit supplemental memoranda addressing the sufficiency of the administrative record in this case.

Dated this 27th day of July, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge
