IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| HELENE CLARKE, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-3107 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM and ORDER

Helene Clarke ("Plaintiff") brought this suit against Unum Life Insurance Company of America and The Pearson, Inc., Employee Long-Term Disability Plan ("Defendants") seeking a declaration of entitlement to disability benefits, payment of back-benefits, and costs, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), as well as penalties pursuant to 29 C.F.R. § 2560.502-1(g) *et seq*. Plaintiff has now moved to compel discovery. The issues have been briefed and no oral argument is required. Local Rule 106.5. For the reasons set forth below, Plaintiff's Motion To Compel Discovery (ECF No. 26) is DENIED.

### I.    BACKGROUND

Plaintiff is a former employee of Pearson Education, Inc., who was allegedly disabled as a result of a car accident in March of 2008. Defendant Unum Life Insurance Company is the claims administrator and insurer of Pearson's group benefits plan, in which Plaintiff is a

1

participant. Following her accident, Plaintiff submitted a claim for disability benefits. Unum approved the claim and began to pay Plaintiff long-term benefits ("LTD") on September 14, 2008. Unum allegedly informed Plaintiff, however, that it would periodically re-evaluate her condition to determine whether she continued to meet its definition of disability. In May of 2009, after conducting further investigation, Unum determined that Plaintiff was no longer disabled and terminated her benefits. Plaintiff filed an administrative appeal of the decision, which was denied. On June 30, 2010, Plaintiff and Unum participated in a mediation session, but were unable to resolve their dispute.

In October of 2010, Plaintiff filed this suit seeking a declaratory judgment that she is entitled to benefits under the plan. (Compl., ECF No. 1). After filing the complaint, Plaintiff's counsel served Defendants with a set of interrogatories and requests for production of documents. (ECF Nos. 26-3 & 26-4). Among other things, Plaintiff sought discovery of Unum's entire administrative record of her case as well as information regarding Unum's claims review process, the compensation structure of its employees and consultants, and statistical data regarding findings of disability by Unum's consulting physicians. Defendants objected to certain of the requests on the grounds of privacy, attorney-client privilege, and the fact that discovery beyond the administrative record has historically been unavailable in ERISA cases. Counsel for the parties allegedly conferred regarding Plaintiff's discovery requests, but were unable to resolve the dispute. Plaintiff then filed this motion to compel discovery.

In an order dated July 27, 2011, the Court ruled that, in light of the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), extra-record discovery may now be available in ERISA cases under certain conditions. Before ruling on Plaintiff's motion, however, the Court directed the parties to submit supplemental memoranda

2

addressing the question of whether the information already contained in the administrative record is sufficient to determine the extent, if any, to which Unum's conflict of interest influenced its decision to terminate Plaintiff's benefits. The parties have now submitted those memoranda, and the Court here proceeds to its ultimate ruling on Plaintiff's motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed. 1998). Where a party fails to answer an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 932, 929 (4th Cir. 1995).

## III. ANALYSIS

### 1. Extra-Record Discovery

The question now before the Court is whether or not the administrative record in this case contains enough information to allow the Court to determine the likelihood that Defendant's conflict of interest (i.e., its financial incentive to avoid paying claims) improperly influenced its decision to terminate Plaintiff's LTD benefits. The Court finds that it does.

In its supplemental memorandum, Unum claims that its admitted conflict of interest was "neutralized" in this case by the thoroughness of its investigation of Plaintiff's claim and appeal. (Def.'s Supp. Mem. 7, ECF No. 39). In support, Unum points to evidence in the administrative

record detailing the process of its investigation, which included: (1) a "field visit" and interview with Plaintiff in her home; (2) several days of surveillance of Plaintiff; (3) an independent Functional Capacity Evaluation; and (4) numerous reviews of Plaintiff's medical files and job requirements by Unum's on-site physicians, rehabilitation specialists, and clinical consultants. Plaintiff, in contrast, has offered the Court no appraisal whatever of the information in the record and has instead simply repeated her generalized allegations that Defendant's claims handling procedures are biased. Absent from these allegations is any factual basis for inferring that the alleged bias affected the outcome of *her* claim, or that such influence, if it took place, cannot be discerned from the information already in the record.

Based on these submissions, the Court concludes that the account of Unum's decision-making process presented in the administrative record is sufficiently detailed to reveal any significant defects that might have made it vulnerable to bias. Plaintiff's motion to compel extra-record discovery is therefore denied.

### 2. Attorney-Client Privilege

Plaintiff has also moved to compel the production of three documents from the administrative record, which reflect communications between Unum and its counsel prior to the filing of this suit. Unum has withheld the documents on the grounds of attorney-client privilege, but Plaintiff argues that the documents are not privileged because of the so-called "fiduciary exception."

The party invoking the attorney-client privilege bears the burden of demonstrating its applicability. *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 338-39 (4th Cir. 2005). One way that a party may carry this burden is by submitting a privilege log. *N.L.R.B. v. Interbake Foods,* LLC, 637 F.3d 495, 502 (4th Cir. 2011). To be sufficient, the log must set

forth specific facts which, taken as true, establish the elements[1] of the privilege for each document for which privilege is claimed. *Id* (citation omitted). A privilege log meets this standard, even if not detailed, if it identifies "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Id*. Defendant has produced a privilege log containing the required information, which describes the documents as follows: (1) a communication sent from "John LoBosco, DLR Counsel" to "Appeals Department" on 11/24/2009 concerning "Helen Clarke appeal documents – role of deposition transcripts, cases, news reports, etc. provided by Claimant's attorney in his November 2009 letter[2]"; (2) a document filed on 4/23/2010 by "Karen Connolly, Lead Appeals Specialist," concerning "April 9, 2010 consultation with John LoBosco, DLR Counsel concerning advice in responding to Scott Elkind, Esq."; and (3) an e-mail sent from "Cesar R. Britos, Assistant Vice President & Senior Counsel" to "Karen Connolly, Lead Appeals Specialist" on 8/24/2010 concerning "Response to Scott Elkind, Esq. regarding complaint by Helen K. Clarke concerning Functional Capacity Evaluation (FCE)." (Snowden Letter [2/10/11] & Privilege Log, ECF No. 27-3, Ex. 1). The Court is satisfied that these documents meet the criteria of protected attorney-client communications.

Once a party has made a *prima facie* showing of privilege, the party asserting an exception to the privilege bears the burden of establishing that the exception applies. *See In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th

---

[1] (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *N.L.R.B. v. Interbake,* 637 F.3d at 501-02.

[2] The letter, *inter alia*, accused Defendant of employing biased practices, cited case law regarding the standard of review in ERISA claims denial cases, and asserted that Defendant's actions would not "bear judicial scrutiny." (Elkind Letter [11/6/09], ECF No. 27-9, Ex. 7).

Cir. 1994) (party asserting "crime-fraud" exception to attorney client-privilege bears the burden of making *prima facie* showing of crime or fraud). Plaintiff has not carried this burden.

The Fourth Circuit recently recognized the applicability of the fiduciary exception in the ERISA context in *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221 (4th Cir. 2011). Among other things, the *Solis* opinion noted that the exception does not apply to all communications between ERISA trustees and their counsel, but only to those concerning the fiduciary relationship. In particular, the Court observed that the exception does not apply to communications concerning either (1) personal legal advice to the trustee, or (2) non-fiduciary matters such as "adopting, amending, or terminating an ERISA plan." *Id* at 228. The burden is therefore on Plaintiff to demonstrate that the documents it seeks concern subject matter that is covered by the fiduciary exception. *See U.S. v. Mett*, 178 F.3d 1058, 1064 (9th Cir. 1999). Plaintiff, however, has neither acknowledged the limited scope of the exception nor made any claims at all about the contents of disputed documents. Plaintiff has therefore failed to overcome Defendant's showing of privilege, and her motion to compel the disclosure of these documents is therefore denied.

**IV. ORDER**

Accordingly, it is ordered that Plaintiff's Motion to Compel Discovery (ECF No. 26) is DENIED.


Dated this 27th day of September, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge